# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMMIE BRUCE TAYLOR,<br><br>Defendant.<br>_____/ | Case No. 1:19-cv-00076-SKO<br><br>**ORDER DENYING PLAINTIFF'S REQUEST**<br><br>(Doc. 13) |

On November 25, 2019, Defendant Timmie Bruce Taylor ("Defendant"), proceeding *pro se*, filed a request seeking reconsideration of the Court's "decision in not granting a hearing" and requesting appointment of a "public defender" and a "mental health professional." (Doc. 13.) The request shall be denied.

## I. BACKGROUND

On September 4, 2019, Plaintiff United States of America (the "Government") filed an application for a writ of continuing garnishment against Defendant's property and accounts in the possession, custody, or control of American Express Bank. (Doc. 1.) According to the Government, as of the date of the application, Defendant owed $359,962.78 in restitution as a result of sentencing in criminal case number 1:03-cr-05161-AWI. (*See id.* at 2.) The Court granted the application for writ of continuing garnishment on September 5, 2019. (Doc. 3.)

On September 30, 2019, the Government filed a request to terminate the writ of continuing garnishment. (Doc. 7.) The Government indicated that American Express Bank had in its possession $82.01 in a prepaid account in which Defendant has an interest, but that because financial

account is a "pre-paid" account, American Express Bank is not able to garnish the account on a continuing basis. (*See id*. at 1.) The Government sought termination of the writ, without prejudice, "because it is presently not practical to continue the writ with the current balance in the account" and requested that the Court close the case. (*Id*.)

The Court terminated the writ of continuing garnishment and closed the case on October 4, 2019. (Doc. 8.) On November 15, 2019, Defendant requested a hearing "[t]o determine the amount owed, as claim [sic] by the US attorney." (Doc. 8.) In a minute order dated November 18, 2019, the Court denied Defendant's request as moot, on grounds that the Court had terminated the writ and closed the case. (Doc. 12.) Defendant now seeks reconsideration of that minute order, as well as appointment of a public defender and a "mental health professional." (Doc. 13.)

## II. DISCUSSION

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . ." of that which was already considered by the Court in rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, the Court denied Plaintiff's request for a hearing because the Court had terminated the Government's writ of continuing garnishment and closed the case. (Doc. 12.) There is therefore nothing left to adjudicate in this case, and Defendant has not shown otherwise. To the extent Defendant believes he is entitled to relief, he is free to file a lawsuit seeking relief.

Defendant also requests appointment of a public defender and a "mental health professional." The Court denies Defendant's request. As set forth above, this case is closed, so

2

there is nothing left to "defend" in the action.  The Court is also without authority to appoint a mental health professional in this case, but even if so, there is no basis for such an appointment given the posture of the case.

### III. CONCLUSION AND ORDER

There are no issues or claims left to adjudicate in this closed case, and Defendant has not set forth facts or law to establish otherwise.  Defendant is free to pursue any appropriate relief in a separate lawsuit.  Defendant's request for appointment of a public defender and a mental health professional are also without basis.  Accordingly, Defendant's request (Doc. 13) is DENIED.  No further filings will be entertained in this case.

IT IS SO ORDERED.

Dated: __**December 2, 2019**__         /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE